UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ASHLEY CLARK, <br><br> Plaintiff, <br><br> v. <br><br> CUSTOM RV REPAIR, LLC, <br><br> Defendant. | No. 3:23 CV 141 |

**OPINION and ORDER**

I.   **BACKGROUND**

On February 21, 2023, plaintiff Ashley Clark filed the present lawsuit alleging sexual harassment and retaliation against defendant, Custom RV Repair, LLC. (DE # 1.) Defendant failed to appear, and plaintiff properly moved for, and was properly granted, clerk's entry of default. (DE ## 7, 8.) Fed. R. Civ. P. 55(a). Defendant has not filed an appearance, contested the clerk's entry of default, or otherwise defended against this lawsuit. Plaintiff now moves for default judgment. (DE # 9.)

II.   **LEGAL STANDARD**

The court may enter default judgment against a party against whom affirmative relief is sought when it fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "The grant or denial of a motion for the entry of a default judgment lies within the sound discretion of the trial court." *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983). If the court determines that the defendant is in default, all well-pleaded allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994).

**III.    DISCUSSION**

Due to defendant's default, the court takes the allegations contained in the complaint as true and finds that plaintiff is entitled to default judgment on both her sexual harassment and retaliation claims under Title VII.

With respect to plaintiff's first claim, plaintiff's well-pleaded facts, which the court takes as true, demonstrate that plaintiff was employed by defendant as an office manager from March 3, 2021, to April 8, 2021. Further, plaintiff alleges that Bryan Caruthers, defendant's owner, made sexual advances toward plaintiff and informed her that he only hired females based on physical appearance with the hope of having sex with them. (DE # 1 at 2.) He also made inappropriate comments related to plaintiff's breastfeeding and pumping of breast milk. (*Id.*) Further, plaintiff alleges that Caruthers placed a camera in her office where she would pump her breasts behind closed doors. (*Id.*) These facts, taken as true, establish a claim for sexual harassment under Title VII. *Passananti v. Cook Cnty.*, 689 F.3d 655, 668 (7th Cir. 2012) ("There is no question that gender-based comments . . . , when used pervasively in the workplace, can meet the standard for severe or pervasive harassment.").

Plaintiff further alleges that she rebuked Caruthers's advances, and as a result, Caruthers planned to terminate her employment. (DE # 1 at 2.) When plaintiff learned of this, she requested her final paycheck. (*Id.*) In response, Caruthers withheld her final paycheck, demanding that she allow him to inspect her phone to ensure she had deleted all inappropriate messages from him. (*Id.*) Plaintiff's allegations, taken as true, establish

2

that plaintiff opposed an illegal employment practice and subsequently endured retaliation within the meaning of Title VII. *Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, 276 (2009) (opposition clause of Title VII's anti-retaliation provision covers disapproving account of sexually obnoxious behavior).

### IV.  CONCLUSION

As explained herein, plaintiff is entitled to default judgment. However, because the amount of damages cannot be ascertained by documents and affidavits alone, the court must hold a hearing or conduct an investigation. Fed. R. Civ. P. 55(b)(2). Accordingly, the court will withhold the entry of final judgment and refer the matter of damages to Magistrate Judge Michael G. Gotsch, Sr., for a report and recommendation.

For the foregoing reasons, the court:

(1)  **GRANTS** plaintiff's motion for default judgment (DE # 9);

(2)  **WITHHOLDS ENTRY OF FINAL JUDGMENT** pending a determination of damages; and

(3)  **REFERS** this matter to Magistrate Judge Michael G. Gotsch, Sr., to conduct any necessary evidentiary hearings and/or investigations necessary to prepare a report and recommendation on damages.

**SO ORDERED.**

Date: March 27, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

3